IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 07-CV-00888 BNB

MAY 1 - 2007

GREGORY C. LANGHAM
CLERK

(The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.)

MICHAEL DAWKINS,

    Petitioner,

v.

US,

    Respondent.

## ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION AND DIRECTING PETITIONER TO CURE DEFICIENCY

Eldon Huffine, an inmate at the Federal Prison Camp at Englewood, Colorado, has filed a "Petition for Writ of Habeas Corpus and Appeal" on behalf of Petitioner Michael Dawkins. Mr. Huffine has failed either to pay the $5.00 filing fee or to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. As part of the court's review pursuant to D.C.COLO.LCivR 8.2, the court has determined that the petition is deficient as described in this order. Notwithstanding the deficiencies, the clerk of the court will be directed to commence a civil action. Mr. Huffine will be directed to cure the following if he wishes to pursue this action. Any papers that Mr. Huffine files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit:**
(1)    xx    is not submitted

(2) ___ is missing affidavit
(3) ___ is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4) ___ is missing required financial information
(5) ___ is missing an original signature by the prisoner
(6) ___ is not on proper form (must use the court's current form)
(7) ___ names in caption do not match names in caption of complaint, petition or habeas application
(8) ___ An original and a copy have not been received by the court. Only an original has been received.
(9) xx other: <u>motion is necessary only if full filing fee is paid in advance</u>.

**Complaint, Petition or Application:**
(10) ___ is not submitted
(11) xx is not on proper form (must use the court's current form)
(12) ___ is missing an original signature by the prisoner
(13) ___ is missing page nos. ___
(14) ___ uses et al. instead of listing all parties in caption
(15) ___ An original and a copy have not been received by the court. Only an original has been received.
(16) ___ Sufficient copies to serve each defendant/respondent have not been received by the court.
(17) ___ names in caption do not match names in text
(18) ___ other _____

In addition to these deficiencies, the court notes that Mr. Huffine fails to demonstrate that he has standing to proceed in this action on behalf of Mr. Dawkins. "Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Mr. Huffine does not allege that he is an attorney and, although he alleges that he has a power of attorney signed by Mr. Dawkins, a *pro se* party may not represent another *pro se* party in federal court. *See* 28 U.S.C. § 1654. Furthermore, Mr. Huffine fails to demonstrate that he qualifies to proceed as Mr. Dawkins' "next friend."

Standing under § 2242 is not granted automatically to anyone seeking to

proceed on another's behalf. *See **Whitmore v. Arkansas***, 495 U.S. 149, 163 (1990). The Supreme Court has identified two requirements that must be met to have standing to litigate a habeas corpus action on behalf of another person under § 2242. *Id*. These requirements are:

> First, a "next friend" must provide an adequate explanation - such as inaccessibility, mental incompetence, or other disability - why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate.

*Id*. In addition to these two prerequisites, it has been suggested that a "next friend" must have some significant relationship with the real party in interest. *Id*. at 163-64. Mr. Huffine fails to demonstrate that these requirements have been met. Therefore, he will be ordered to show cause why this action should not be dismissed for lack of standing. Accordingly it is

ORDERED that the clerk of the court is directed to commence a civil action. It is

FURTHER ORDERED that Mr. Huffine cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers that Mr. Huffine files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Huffine, together with a copy of this order, two copies of the following forms: Prisoner's Motion and Affidavit For Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action; Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that, if Mr. Huffine fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the application will be

denied and the application will be dismissed without further notice. The dismissal shall be without prejudice. It is

FURTHER ORDERED that Mr. Huffine show cause **within thirty (30) days from the date of this order** why this action should not be dismissed because he lacks standing to act as "next friend" to Mr. Dawkins pursuant to 28 U.S.C. § 2242.

DATED at Denver, Colorado, this 26th day of April, 2007.

BY THE COURT:

_Boyd N Boland_
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. **07 - CV - 0 0 8 8 8**

Michael Dawkins
Reg. NO. 56578-180
FPC
9595 W. Quincy Ave
Littleton, CO 80321

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on _____5-1-07_____

                                                       GREGORY C. LANGHAM, CLERK

                                                       By: _____
                                                                     Deputy Clerk